## AMERICAN FURNITURE COMPANY

### V.

## SHIRLEY G. DOANE

Record No. 841173

September 6, 1985

Present: All the Justices

40

*R. Ferrell Newman* for appellant.
*Robert I. Asbury* for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this case, arising under § 65.1-63* of the Virginia Workers' Compensation Act, the Industrial Commission ruled that an employee was justified in refusing selective employment because of a physical impairment arising after and unrelated to the industrial accident for which compensation had been awarded. We hold that this ruling, based upon an incorrect construction of the statute, constituted reversible error.

The employee, Shirley G. Doane, suffered an injury to her back on October 29, 1981, arising out of and in the course of her employment with American Furniture Company. She was awarded compensation for temporary total disability.

On September 22, 1983, Dr. Ward W. Stevens, a neurosurgeon, performed surgery on Doane's back. On January 9, 1984, when he last examined her, Stevens reported that Doane had made a "fairly decent recovery." Although he believed she could not return to her prior employment, he recommended that she be given lighter work. Accordingly, American Furniture submitted to Stevens a proposed job description which Stevens approved. By letter dated January 20, American Furniture notified Doane of Stevens's approval of the proposed selective employment and offered her the position beginning January 30. When Doane failed to report for work on that date, American Furniture applied for suspension of compensation on the ground of unjustified refusal of selective employment.

Doane was examined on February 15, 1984, by Dr. Earl K. Wilson, a neurologist, for pain, numbness, weakness, and loss of grip in her right hand, wrist, and arm, which had developed after her back surgery. Wilson reported on that date that she was unable to perform the proffered selective employment. By letter of March 22, he reported his diagnosis of a mild right carpal tunnel syndrome which he did not attribute to her back injury or operation. Stevens, by letter of March 26, repeated his opinion that Doane's back condition did not preclude her from working in the position offered; he referred to her arm problem as an "unrelated condition."

---

* Code § 65.1-63 provides:
  If an injured employee refuses employment procurred for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified.

A hearing was conducted by a deputy commissioner, who found that Doane suffered from impairment of her right arm which would prevent her from performing the selective employment offered but that the evidence failed to establish a causal connection between this impairment and her compensable injury. Therefore, the deputy commissioner ordered suspension of compensation because of unjustified refusal of selective employment.

Upon review, the full Commission, while accepting the finding of the deputy commissioner that Doane failed to establish that her arm problem resulted from the industrial accident, reversed his decision and ordered reinstatement of benefits. The Commission relied upon its prior decisions in construing § 65.1-63 to mean that selective employment must be within the employee's capacity at the time such employment is offered and that refusal based on an unrelated physical condition is not unjustified.

In the case of a refusal of selective employment, the employer has the burden to show that the position offered is within the employee's residual capacity. *Klate Holt Co.* v. *Holt*, 229 Va. 544, 545, 331 S.E.2d 446, 447 (1985); *Talley* v. *Goodwin Brothers*, 224 Va. 48, 52, 294 S.E.2d 818, 820 (1982). American Furniture met this burden by producing evidence that it offered Doane selective employment approved by Stevens. The burden then shifted to Doane to show she was justified in refusing the selective work. *Klate Holt*, 229 Va. at 545, 331 S.E.2d at 447; *Talley*, 224 Va. at 52, 294 S.E.2d at 820.

Although we adhere to the long-established principle that the Workers' Compensation Act is remedial and must be liberally construed in favor of employees and their dependents, we cannot permit a liberal construction to change the meaning of the statutory language or the purpose of the Act. *See Low Splint Coal Co.* v. *Bolling*, 224 Va. 400, 404, 297 S.E.2d 665, 667 (1982). The Act should not be converted into a form of health insurance. *See Rust Engineering Co.* v. *Ramsey*, 194 Va. 975, 980, 76 S.E.2d 195, 199 (1953).

In our view, employment "suitable to [the employee's] capacity" means employment within the employee's residual capacity resulting from the industrial accident. The Act is based upon the premise that an employer is liable for the condition of an employee resulting from an industrial accident. But an employer is not liable for conditions not causally related to the employee's work. *See King's Market* v. *Porter*, 227 Va. 478, 483, 317 S.E.2d

146, 148 (1984). An employer, therefore, is absolved of liability for compensation if the employee refuses selective employment because of a physical condition unrelated to the original industrial accident and arising since the accident. In the present case, because Doane failed to carry her burden of persuasion to show the necessary causal connection between her arm impairment and her compensable injury, her refusal of selective employment was unjustified.

■ Doane assigned cross-error to the deputy commissioner's refusal to grant a continuance of the hearing set for April 3, 1984. By letter dated March 9, Doane requested but was denied a continuance to enable her to obtain the second report of Wilson and to depose Stevens. At the April 3 hearing, the deputy commissioner received in evidence both reports of Wilson and the two reports of Stevens. There is no evidence in the record that Doane was denied the opportunity to depose Stevens. Both the deputy commissioner and the full Commission considered Wilson's reports before concluding that Doane's arm condition was unrelated to her initial back injury. Because Doane was not prejudiced by the refusal to allow a continuance, there is no merit to her assignment of cross-error.

We will reverse the award of the Commission and remand the case for entry of an appropriate order granting the employer's application for suspension of compensation consistent with the views expressed in this opinion.

*Reversed and remanded.*

STEPHENSON, J., concurring.

I concur fully in the majority's holding and reasoning. Additionally, I share the concern expressed in the last paragraph of the dissent regarding an employer's bad faith.

RUSSELL, J., dissenting.

Code § 65.1-63 forfeits a claimant's right to compensation only if he refuses employment procured for him "suitable to his capacity . . . unless in the opinion of the Industrial Commission such refusal was justified." The statute contains no hint of the gloss added by the majority opinion: that "capacity" in this sense

means " residual capacity resulting from the industrial accident." Rather, the statutory language demonstrates a clear legislative intent to leave to the Industrial Commission the discretion to determine which refusals are justified and which are not.

As the majority notes, the Commission's decisions have adopted a rule that selective employment must be within the employee's capacity at the time such employment is offered and that refusal based on an unrelated physical condition is not necessarily unjustified. This interpretation leaves it to the Commission to determine as a factual matter in each case whether selective employment was refused in good faith and for good cause. It appears to me that this interpretation comports with both the letter and spirit of the statute. Accordingly, I would affirm.

I also think it worthy of note that the Commission's authority to determine whether a refusal is justified remains in the statute, even when it is subjected to the majority's interpretation. Thus, if an employer should, in bad faith, take advantage of an employee's temporary incapacity by knowingly offering him selective work while he is, for example, confined to bed by influenza, the Commission would, in my view, retain the authority to determine a refusal justified in the circumstances.