**Norfolk**

THOMAS F. BALLWEG

v.

CROWDER CONTRACTING COMPANY, INC. and
LIBERTY MUTUAL FIRE INSURANCE COMPANY

No. 0396-92-1

Decided March 9, 1993

COUNSEL

G. Michael Price (Connor, Pennington and Price, on brief), for appellant.

William L. Dudley, Jr. (Thomas C. Wagner; Knight, Dudley, Dezern & Clarke, on brief), for appellees.

OPINION

**BAKER, J.**—This is an appeal by Thomas F. Ballweg (claimant) from a decision of the Workers' Compensation Commission (commission) that found that claimant unjustifiably refused selective employment within his residual capacity that was made available to him by his employer, Crowder Contracting Company, Inc. (employer). The commission reversed a previous award of compensation to claimant for injuries received while working for employer and held that claimant is not entitled to compensation for disability during his unjustified

refusal to accept selective employment. Claimant asserts that the reversal decision violated his First Amendment right to engage in a religion of his choice because the selective employment offered by the employer would have required him to work on Saturdays, a practice contrary to a basic precept of his religion.

Claimant joined the Seventh-Day Adventist Church (the church) in 1982. The church does not permit its members "to work from sundown Friday to sundown Saturday." Claimant became employed by employer in April 1988. His employer was aware of his religion and the work-restriction on members of the church. Claimant had never worked for employer on a Saturday.

On June 8, 1989, claimant sustained a work-related knee injury for which employer paid compensation for intermittent periods of incapacity. In December 1990, claimant re-injured his knee. His treating physician opined that as a result of the re-injury claimant would no longer be able to work for employer as a carpenter. On October 9, 1991, the suspended award had been entered. Subsequently, employer found suitable employment for claimant as a security guard for Multra Guard Corporation. Claimant was informed that he would work on a rotational schedule that would require him to work some Saturdays; however, he would be allowed to "swap" Saturdays with other employees willing to exchange work days. He was directed to report on a Friday and was scheduled to work the next day. Because of the church work-restriction, claimant refused to accept the job as he did not think he would have enough time to find another worker who would be willing to swap the first Saturday. Thereafter, without success, he has attempted to find other suitable selective employment.

Employer discontinued payment of compensation because of claimant's refusal to accept the suitable employment. Claimant filed an application for hearing with the commission and, after the hearing, the deputy commissioner ruled that claimant was justified in refusing the restricted employment and reinstated claimant's benefits on First Amendment grounds. The full commission reversed, distinguishing the First Amendment precedents relied upon by claimant, and found that claimant unjustifiably refused selective employment suitable to his residual capacity.

In relevant part, Code § 65.2-510 (formerly Code § 65.1-63) provides:

> If an injured employee refuses employment procured for him *suitable to his capacity*, he shall only be entitled to [medical benefits] during the continuance of such refusal, unless . . . such refusal was justified.

(Emphasis added).

When an injured employee who is receiving compensation benefits refuses procured employment suitable to the employee's residual capacity, the employee will not be entitled to any compensation during the continuance of such refusal, unless the commission determines such refusal was justified. *Klate Holt Co. v. Holt*, 229 Va. 544, 545, 331 S.E.2d 446, 447 (1985). When the employer invokes the bar of the statute and establishes, as here, that a job offer has been tendered within the residual capacity of the injured employee, the burden of persuasion shifts to the employee to show justification for refusing the offer of modified work. *Id.*; *see also American Furniture Co. v. Doane*, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985). The record fails to show that claimant met the burden of persuasion required by Code § 65.2-510.

Workers' compensation laws are legislatively enacted, not a development of the common law. In fact, in many instances, they are contrary to the common law. In *Low Splint Coal Co. v. Bolling*, 224 Va. 400, 406, 297 S.E.2d 665, 668 (1982) (citing *Fauver v. Bell*, 192 Va. 518, 521-22, 65 S.E.2d 575, 577 (1951)), our Supreme Court said:

> In this legislation [the Workers' Compensation Act] the General Assembly balanced the competing needs of employers and employees and enacted a statutory scheme which limits the employee's recovery as compared to full tort damages, but guarantees the injured workman greater security in that to obtain compensation he need not prove negligence and counter traditional defenses such as contributory negligence and assumption of the risk.

We will not interfere with that statutory scheme and provide an exclusion not contained within the statutory language. Indeed, in accepting the reason advanced by claimant as justification for refusing tendered selective employment within his residual physical capacity, we would be amending Code § 65.2-510. Although we adhere to the long-established principle that the Workers' Compensation Act is remedial and must be liberally construed in favor of the employee, that principle does not permit us to amend the statute by adding a religious precept

exemption. No statutory provision permits the commission to hold that an employee's religion exempts him from accepting selective employment that he is otherwise capable of performing, and we are not empowered to add one.[1] *See Faulkner v. Town of South Boston*, 141 Va. 517, 524, 127 S.E. 380, 382 (1925).

■ Code § 65.2-510 refers to refusal of employment suitable to the employee's capacity. That phrase has been held to mean "employment within the employee's residual capacity resulting from the industrial accident." *Doane*, 230 Va. at 42, 334 S.E.2d at 550. The excuse used in the case before us is independent of the industrial accident.

■ Citing *Sherbert v. Verner*, 374 U.S. 398 (1963), and *Thomas v. Review Board of the Indiana Employment Security Division*, 450 U.S. 707 (1981), claimant argues that he proved that his refusal was legally justified. Those cases held that a state may not deny unemployment compensation, a public benefit, to one who refuses to work because of religious considerations. However, the doctrine embodied in these cases has not been extended by the Supreme Court to invalidate any governmental action except the denial of unemployment compensation. *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872, 883 (1990). We agree with the distinction made by the commission in its decision concerning the unemployment compensation cases cited by claimant. As reasoned by the commission, unemployment payments are funded by the state by taxes imposed on its citizens; workers' compensation benefits, however, are paid by the employer or its insurance carrier from premiums received from the employer. *See also* Larson, *Workmen's Compensation Law* § 3.10. Thus, it is not the government that pays benefits to an injured employee but, rather, the employer for whom an employee worked or its insurance carrier. Private employers assume many risks when they hire employees, but the risk of an injured employee refusing physically suitable selective employment based on his personal beliefs is not required by the Constitution or the Workers' Compensation Act.

For the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Barrow, J., and Bray, J., concurred.

---

[1] Claimant does not allege bad faith, and there is no evidence contained in the record that the employer so acted when it obtained this particular selective employment for claimant. We save for another day whether proof that a tender of selective employment within one's residual capacity made in bad faith would offend the legislative intent contained in Code § 65.2-510.