COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


LIZ'S BLUE DIAMOND, INC. AND
 VIRGINIA HOSPITALITY GROUP
 SELF-INSURANCE ASSOCIATION

                                        MEMORANDUM OPINION* BY
v.    Record No. 1943-98-1              JUDGE SAM W. COLEMAN III
                                             JUNE 1, 1999
JOSEPH E. RICO


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Bradford C. Jacob (Taylor & Walker, P.C., on
            brief), for appellants.

            Keith Loren Kimball for appellee.


     In this appeal from the Workers' Compensation Commission, we

determine whether the commission erred by refusing to terminate

benefits based on the employer's proof that claimant's incapacity

to perform his pre-injury work is unrelated to his work injury.

The employer concedes that claimant sustained a compensable injury

rendering claimant temporarily totally disabled.  Based on medical

reports, however, the employer now argues that claimant's

continuing total disability results from medical conditions

unrelated to the compensable injury.  We find that the commission

did not err in holding that employer did not bear its burden to

prove that claimant's disability was wholly attributable to

_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

medical conditions unrelated to the industrial accident. Accordingly, we affirm the commission.

BACKGROUND

In 1993, Joseph Rico sustained compensable injuries to his neck, back, and left shoulder while employed as a bartender-manager for Liz's Blue Diamond. The commission entered an award for temporary total disability at the rate of $108.50 per week.

In November of 1993, Dr. Markham restricted Rico to no more than four hours of work and no lifting or carrying objects more than two to three pounds. Dr. Markham noted that Rico suffered from chronic hepatitis C. Until 1996, Rico sought treatment from his family doctor. In 1996, Rico returned to Dr. Markham complaining of pain at the base of the neck and in the upper thoracic spine. Dr. Markham referred Rico to physiatrist Lisa B. Barr, M.D.

Dr. Barr noted that chronic active hepatitis and chronic obstructive pulmonary disease placed additional stress on Rico's neck muscles. She further opined that "if he were in fact disabled from gainful employment, it would be on the basis of his underlying medical conditions and not due to any permanent residual from his alleged fall."

A functional capacities evaluation (FCE) performed on June 7, 1996, revealed that Rico could safely be released to the "sedentary-light physical demand level." The FCE caused Dr.

-

Barr to further note that it was "difficult to determine to what extent his [unrelated] medical conditions [were] affecting his lifting capacities." In reviewing the FCE, Dr. Barr concluded that at a minimum, Rico could perform sedentary light work. Limiting her analysis solely to Rico's work-related injury, Dr. Barr believed that Rico's "work-related cervical thoracic strain injury [was] permanent and stable." According to Dr. Barr, Rico's condition had stabilized and his functional disability rated a "6% whole person impairment." She concluded, based on her assessment of The Dictionary of Occupational Titles, that Rico could perform a bartending job with certain limitations. He could not lift more than fifteen pounds occasionally, and he could not perform repetitive or sustained overhead activities. Dr. Barr also opined that Rico's unrelated medical conditions would actually preclude him from returning to any gainful employment.

On March 11, 1997, Rico underwent another FCE. On March 14, 1997, Dr. Barr stated that although Rico was totally disabled from working, the initial FCE represented "what he could be expected to do under optimal circumstances, assuming we are not going to consider his significant non-Workers' Compensation related medical conditions."

On September 15, 1997, Dr. Barr stated that Rico was "clearly totally disabled from gainful employment and this total

-

disability is largely based on his other underlying medical problems."

ANALYSIS

Employer filed an application to terminate temporary total disability benefits based on the claim that Rico's current disability was unrelated to his industrial accident.  When an employer alleges a change in condition warranting termination of an award, the burden is on the employer to prove the allegations by a preponderance of the evidence.  See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).  The commission found that employer failed to meet this burden.  Because credible evidence supports the commission's finding, we affirm the decision.

Although the evidence proves that Rico's non-compensable medical conditions substantially contribute to his total disability, the evidence also supports the commission's finding that the compensable injury has resulted in a permanent six percent whole person impairment and the employer failed to prove that this impairment did not disable the claimant from his pre-injury work.  Dr. Barr opined that this injury alone, prohibited Rico from regularly lifting more than fifteen pounds and from performing regular overhead tasks.

The definition of disability is "whether the employee is able fully to perform the duties of his pre-injury employment." Celanese Fibers v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687,

-

690 (1985). Employer did not provide a pre-injury job description. Therefore, the evidence was insufficient for the commission to conclude and for this Court to hold as a matter of law that, given the physical limitations arising from Rico's compensable injury, he could return to his pre-injury employment. Consequently, credible evidence supports the commission's holding that employer has not proved that Rico's disability is wholly unrelated to his compensable injury.

Employer argues that American Furniture Co. v. Doane, 230 Va. 39, 334 S.E.2d 548 (1985), and Eppling v. Schultz Dining Programs, 18 Va. App. 125, 442 S.E.2d 219 (1994), support its position. Those cases state that when an employer meets its burden of proving that it offered a disabled claimant selective employment within the claimant's residual capacity, and the claimant refuses the employment because of an unrelated physical condition, then the claimant's refusal is unjustified. See Doane, 230 Va. at 42, 334 S.E.2d 550; Eppling, 18 Va. App. at 127, 442 S.E.2d at 220. Here, where employer has made no offer of selective employment and has instead argued that the disability is wholly unrelated to the industrial accident, those cases lend no support.

Employer argues that it could not have offered selective employment to the claimant because a totally disabled claimant is not required to participate or cooperate in job placement efforts while totally disabled. In support of its argument,

-

employer cites the commission's holding in Gardner v. Legum Home Health, 74 O.I.C. 97 (1995), that an "employee has no obligation to work with vocational rehabilitation until [he or] she is medically released to return to selective employment." However, whether claimant's compensation benefits should be terminated because he is unable to market his residual capacity due to unrelated disabilities was not before the commission. Therefore, the commission's holding does not directly address issues of selective employment or the duty to market residual capacity, and we are not called upon to consider those issues on appeal.

Because the evidence supports the commission's holding that employer did not prove Rico's disability was unrelated to his compensable injury, we affirm the commission's denial of employer's application for termination of benefits.

Affirmed.

-