COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


ROBERT COSTELLO CONSTRUCTION AND
 VIRGINIA FARM BUREAU FIRE AND
 CASUALTY INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 0323-00-4                 PER CURIAM
                                           JUNE 13, 2000
MICKEY W. BRADLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Tenley A. Carroll-Seli; Pierce & Howard,
            P.C., on briefs), for appellants.

            (William S. Sands, Jr.; Duncan and Hopkins,
            P.C., on brief), for appellee.


     Robert Costello Construction and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Mickey W. Bradley

(claimant) proved that his headaches were causally related to

his compensable October 10, 1997 injury by accident.  Pursuant

to Rule 5A:21(b), claimant presents the additional question of

whether the commission erred in finding that he failed to prove

that he was entitled to continuing temporary total disability

benefits due to his headaches.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## I.  Causation

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In holding that claimant's headaches were causally related to his compensable eye injury, the commission found as follows:

> The headaches began following the injury, particularly when triggered by light.  Dr. [John] Carter wrote, "Mr. Bradley has headaches which may well be related to the aphakia in the eye."  Dr. [Alan J.] Fink wrote that he could not find any evidence on his ocular exam which would cause the headaches, but he could not categorically say the symptoms were not caused by the eye injury.  Dr. [Neil W.] Crowe stated that "clearly as documented on the patient's orbital CT's, he has had a significant injury to the right eye which I think is the underlying etiology for all of his head pains."  Dr. [James S.] Tiedeman stated that he did not know if the headaches were related to the injury.  Dr. Crowe believes there is a relationship, and the other doctors are not certain.  Based on this medical evidence as well as the circumstantial evidence linking the headaches to the injury, we are persuaded that there is a causal relationship.

-

Dr. Crowe's medical records and opinions provide credible evidence to support the commission's findings. As fact finder, the commission was entitled to accept Dr. Crowe's opinion. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### Disability

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that there was no medical evidence that the claimant's headaches were disabling, the commission found as follows:

> Beginning April 25, 1998, the claimant was unable to work due to pneumonia. We agree with the employer that under American Furniture Company v. Doane, 230 Va. 39, 334 S.E.2d 548 (1985), the claimant is not

-

entitled to continuing temporary total disability benefits during this non-work related disability. However, on May 10, 1998, the claimant commenced marketing his residual capacity. He is therefore entitled to a resumption of temporary partial disability benefits commencing May 10, 1998, and continuing.

On May 18, 1998, Dr. Fink noted that claimant was able to work full employment, but that he might be more comfortable away from bright sunlight. On May 19, 1998, Dr. Fink noted that claimant came to his office about the statement contained in the May 18, 1998 letter regarding the sunlight. Dr. Fink wrote, "He desires a statement that it is medically necessary for him to work away from sunlight. I explained to him that on the basis of my exam on 4/21/98, I could not make such a statement." On June 1, 1998, Dr. Fink opined that claimant was fully capable of returning to work, that claimant's headache symptoms were not disabling, and that claimant might want to wear sunglasses or an eye patch to keep his headaches to a minimum. On July 8, 1998, Dr. Carter noted that it "would be best if [claimant] could find work indoors." At no time did either of these physicians state that claimant's headaches disabled him from returning to his full, pre-injury employment. Accordingly, the commission did not err in denying claimant's request for a resumption of temporary total disability benefits.

For these reasons, we affirm the commission's decision.

Affirmed.

-