COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


UNITED PARCEL SERVICE OF AMERICA AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 0618-01-2              PER CURIAM
                                      JULY 24, 2001
ANGEL-EYES BLACKFOOT


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (R. Ferrell Newman; Thompson, Smithers,
            Newman, Wade & Childress, on brief), for
            appellants.

            (Gregory O. Harbison; Geoffrey R. McDonald &
            Associates, P.C., on brief), for appellee.


      United Parcel Service of America and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that it failed

to prove that (1) Angel-Eyes Blackfoot (claimant) was released

to return to his pre-injury employment as of April 14, 2000 by

Dr. Kenneth Zaslav, claimant's treating physician; and (2)

claimant unjustifiably refused selective employment on April 3,

2000.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Here, employer relied solely upon a March 27, 2000 questionnaire completed by Dr. Zaslav as evidence that claimant was released to return to full, unrestricted duties in his pre-injury work as of April 14, 2000. In rejecting this evidence, the commission "decline[d] to credit it because it was prospective" and the record did not establish that Dr. Zaslav even examined claimant on March 27, 2000. In so ruling, the commission found as follows:

> The employer has not presented any evidence that the claimant was released to full, unrestricted duties on April 14, 2000. Dr. Zaslav's prospective release explicitly refers to the February 2000 [Functional Capacity Evaluation ("FCE")] on the question

of work restrictions, and notes that the claimant would be returned to "full duty" at "medium" duty work on April 14, 2000 pursuant to the "details" of the FCE. The FCE found that the claimant's condition was insufficient to return to "heavy" duty, pre-injury work activities, and placed several weight-lifting restrictions below the 70-pound weight-lifting requirement of the claimant's pre-injury employment. Dr. [Douglas A.] Wayne's February 2000 report was limited to treatment of unrelated, lower and middle back complaints, and offers nothing of relevance to this issue or to the issue of ongoing causation.

Based upon the prospective nature of Dr. Zaslav's March 27, 2000 release and the ambiguity of that release, in light of the FCE which indicated that claimant could not perform his pre-injury work, the commission, as fact finder, was entitled to conclude that employer's evidence was insufficient to prove that claimant was capable of performing all of the duties of his pre-injury employment as of April 14, 2000.

We agree with the commission's conclusion that claimant's failure to attend the hearing and offer contradicting evidence did not require the commission to rule in employer's favor. Employer bore the burden of proving its allegations, irrespective of claimant's presence at the hearing.

Based upon this record, we cannot find as a matter of law that employer met its burden of proving that claimant was capable of performing all of the duties of his pre-injury work as of April 14, 2000.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). The employer bore the burden of proving it made a bona fide offer of selective employment within the employee's residual capacity. See American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985).

In denying employer's application alleging that claimant unjustifiably refused selective employment, the commission found as follows:

> [E]mployer failed to prove it offered the claimant work that was within his residual capacity on April 3, 2000. [Brian] Staub - - the only witness at the hearing - - testified about the claimant's pre-injury work, but offered no testimony explaining the nature of the "light duty" work offered, and offered no basis upon which to conclude that such work was within the claimant's residual capacity. Indeed, Staub had no first-hand knowledge of the claimant's attempt to work in March and April 2000.

Although Dr. Zaslav's March 27, 2000 release specifically refers to the limitations set out in the February 2000 FCE, Staub could not even state that he had seen or examined this report.

In light of Staub's lack of knowledge regarding the light duty job offered to claimant and the lack of any persuasive evidence establishing that the light duty job was within claimant's residual work capacity as reflected in the FCE, the commission, as fact finder, was entitled to give little probative weight to Staub's testimony.  Absent Staub's testimony, no evidence proved that employer offered claimant selective employment within his residual work capacity.  Thus, we cannot find as a matter of law that employer's evidence sustained its burden of proving that it made a bona fide offer of suitable light duty work to claimant.

For these reasons, we affirm the commission's decision.

Affirmed.