COURT OF APPEALS OF VIRGINIA

Present: Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia

JOHN A. ILG

v. Record No. 2314-10-4

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
JULY 12, 2011

UNITED PARCEL SERVICE, INC. AND
LIBERTY INSURANCE CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Craig A. Brown (Ashcraft & Gerel, LLP, on brief), for appellant.

Patricia C. Arrighi (PennStuart, on brief), for appellee.

## I. INTRODUCTION

Appealing a decision of the Workers' Compensation Commission terminating his benefits for failure to participate in vocational rehabilitation, John Ilg argues the commission erred in interpreting our prior decision in this case. We affirm the judgment of the commission.

## II. BACKGROUND

Many of the facts relevant to this appeal from remand are contained in our earlier opinion of United Parcel Service v. Ilg, 54 Va. App. 366, 679 S.E.2d 545 (2009). We provided the following background.

> While working as a delivery truck driver [for UPS], employee fell from a truck on February 12, 2007 and suffered injuries. On April 26 of the same year, he filed a claim for benefits form with the commission. On that form is a blank space next to the words "Nature of the injury." On that space employee apparently wrote, "injury to right hand and right knee." The commission issued an order, dated May 9, requiring that employer complete attached forms and return them to the commission.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Employer's insurance carrier responded to this order with a letter . . . . On June 5, the commission sent a letter to both parties "acknowledging receipt of the carrier's position that temporary total and temporary partial wage loss benefits have been paid voluntarily." The letter also announced that employee's application for hearing would be placed on "administrative hold for the executed Agreement to Pay Benefits form."

On June 29, 2007, the agreement to pay benefits form, *signed by both parties*, was filed with the commission. Next to the form's pre-printed language "Nature of injury or illness, including body parts affected" is only "Pain in Right Knee." The form does not refer to the hand injury mentioned on employee's original claim for benefits form. The commission approved this agreement to pay benefits by an award order dated July 12. . . .

After the filing of the award order, employee hired a lawyer, who sent a letter to the commission, dated November 6, 2007. . . . The letter also stated that, as a result of his February 12 work-related fall from the truck, employee had suffered injuries to his right hand, right knee, and to his head. The letter reads, in part: "Please treat this letter as Claimant's *Application for Hearing*, by counsel, based upon the injuries described above. Claimant seeks all benefits to which he may be entitled under the Virginia Workers' Compensation Act." The commission's response to the letter, dated November 9, states that the requested documents are enclosed, but it does not mention employee's hearing request at all. Nor does it contain any acknowledgement that employee's hearing request alleges injuries to body parts (right hand and head) that were not included in the earlier agreement to pay benefits. Instead, the commission noted: "No further action will be taken on this file until requested by the parties. If we can be of any further assistance to you, please so advise."

On February 25, 2008, Dr. Randall Peyton, who treated employee's knee injury, signed two forms, each labeled "fitness for duty evaluation." Each form listed employee's name. One had a diagnosis of "knee pain" and indicated that employee's fitness for duty was "restricted." Dr. Peyton checked a box next to the words "Medium work – lifting 50lbs maximum with frequent lifting and/or carrying objects weighing up to 25lbs." Under "comments" Dr. Peyton wrote "unable to perform stair climbing [longer than] 4.5 minutes." The second form, also dated February 25, had a diagnosis of "R knee/R hand." On this form, Dr. Peyton circled the words "unable to work in any capacity." The inconsistency in the forms is explained in follow-up notes also written by Dr. Peyton. According to the notes, "[w]e have gone through his exam and gone through the work-hardening notes and

> stated that the hand apparently is worsening from lifting. He is supposed to have this operated on. We talked about a work release in relation only to the knee."
>
> After receiving the form that declared employee fit for restricted duty in relation to his knee injury, employer apparently sought employee's participation in vocational rehabilitation. Employee's counsel responded by letter on May 29, 2008. This letter referred to the form that stated that employee was unable to work in any capacity. . . . On June 10, 2008, employer filed an application for a hearing. The application included a copy of the fitness for duty evaluation releasing employee for restricted work. . . .
>
> Senior Claims Examiner Linda deLamorton issued a letter opinion for the commission, dated July 7, 2008, denying employer's application for a hearing. The opinion reads, in part:
>
>> The original agreement does not (likely due to poor preparation) include the right hand as part of the injuries in this case. Interestingly, the treatment notes from the onset included the right hand. In any event, the employer/carrier did not raise causation on the face of the employer's application, and this discrepancy is not part of my consideration. It is apparent the employee is totally disabled from both the right knee and right hand, and unable to participate in vocational rehabilitation. At best, the reports from Dr. Peyton are ambiguous.
>>
>> Under these circumstances, probable cause does not exist to grant a hearing to the employer/carrier.
>
> Employer argued that the full commission should reverse Ms. deLamorton's ruling because the hand condition that kept employee from working was "not related to the compensable injury." The full commission issued an opinion on October 30, 2008, affirming the earlier ruling.

Id. at 368-71, 679 S.E.2d at 546-47.

On appeal, this Court reversed the commission. The Court held that since Ilg was released to work based on his knee injury, and the hand injury was not the subject of an enforceable award, UPS demonstrated probable cause that a change in condition occurred. Id. at

374, 379, 679 S.E.2d at 549, 551. Accordingly, the Court remanded the case for hearing. Id. at 379, 679 S.E.2d at 551.[1]

On remand, a deputy commissioner found Ilg justifiably refused to cooperate with rehabilitation efforts. The deputy commissioner found Ilg suffered from a total disability during the relevant period and thus had no obligation to participate in vocational rehabilitation.

In an opinion dated September 30, 2010, the commission reversed. The commission determined that since Ilg never sought an award for his hand injury, UPS was "not required to take the hand injury into account in establishing" an unjustifiable refusal to participate in vocational rehabilitation. Since Ilg had been released to light duty for his knee injury prior to his refusal to participate in rehabilitation, the commission concluded Ilg's refusal was unjustified and UPS's application to terminate Ilg's award should have been granted. Ilg appeals.

## III. ANALYSIS

Code § 65.2-603(B) provides:

> The unjustified refusal of the employee to accept . . . vocational rehabilitation services when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal.

---

[1] Our decision in Ilg, 54 Va. App. at 366, 679 S.E.2d at 545, did not preclude an award of benefits pursuant to Code § 65.2-704 for Ilg's hand injury. We held only that in a determination of the existence of probable cause for a Code § 65.2-708 proceeding, a defense to a change of condition based on an unadjudicated, allegedly work-related injury was not available. If a causal relationship had been earlier or contemporaneously adjudicated, it could be asserted as a defense in a Code § 65.2-708 proceeding. But Code § 65.2-704 and § 65.2-708 are statutorily separate, and should not be conflated. Each statute affords the respective parties the principles of due process within the parameters of the issue raised in each application. An adjudication of either an award or a change of condition is admissible for the commission's consideration in a subsequent hearing under either statute. But the Workers' Compensation Act makes an adjudication a condition precedent to admissibility.

This rule is "based upon the premise that an employer is liable for the condition of an employee resulting from [an] industrial accident . . . [but] not liable for conditions not causally related to the employee's work." Am. Furniture Co. v. Doane, 230 Va. 39, 42-43, 334 S.E.2d 548, 550 (1985) (suspending benefits where employee refused light work based on unrelated injury that occurred after the industrial accident). Accordingly, employers must offer employment "within the employee's residual capacity resulting from the industrial accident," id., but are not responsible for accommodating unrelated physical conditions arising subsequent to the industrial accident. In other words, "when an employee's work-related disability has resolved itself to the point that the worker can return to gainful employment, he or she is required to do so. An employer is not responsible for a disabled employee" who is prevented from returning to work for reasons other than the work-related injuries. Eppling v. Schultz Dining Programs, 18 Va. App. 125, 130, 442 S.E.2d 219, 222 (1994); see also Doane, 230 Va. at 42-43, 334 S.E.2d at 550.

The same principles apply to a failure to cooperate with vocational rehabilitation under Code § 65.2-603. Ilg, 54 Va. App. at 374, 679 S.E.2d at 549. Where an employee declines to cooperate with an employer's rehabilitation efforts due to physical limitations unrelated to his industrial accident, "the employee's refusal to cooperate is 'unjustified' for the purposes of Code § 65.2-603, and the employer is absolved of liability for compensation for the duration of the refusal." Ilg, 54 Va. App. at 374, 679 S.E.2d at 549.[2]

[2] Unlike Doane, the physical condition here offered as a defense to the employer's change-in-condition application arose not "since the accident," 230 Va. at 43, 334 S.E.2d at 550, but contemporaneous with the accident. Nonetheless, we believe the holding in Doane controls.

In this regard, we distinguish James v. Capitol Steel Construction Co., 8 Va. App. 512, 382 S.E.2d 487 (1989). In James, this Court held that in providing work suitable to an employee's residual capacity, an employer must consider conditions that pre-date an employee's employment. Id. at 516, 382 S.E.2d at 489. The Court found that since the condition "was obvious to the employer when the employee was hired . . . the employer cannot now be heard to claim that James' condition is not to be considered." Id.

This standard recognizes that the Workers' Compensation Act limits an employer's liability to work-related injuries for which an award was obtained. See Code § 65.2-700, *et. seq*. Indeed, all workers' compensation related questions, "if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission." Code § 65.2-700. Whether an injury is compensable and work-related is such a question. The commission responds to this question by deciding on an award — "the grant or denial of benefits or other relief." Code § 65.2-101.

Here, Ilg's physician determined his knee condition, the injury upon which his award was based, had improved enough for Ilg to be medically cleared to perform restricted work duties. Nonetheless, Ilg refused vocational rehabilitation based on a hand injury that had never been the subject of an enforceable award. In its opinion after our remand, the commission wrote: "To allow the claimant to establish a justification for his refusal by relying upon a causal connection between his hand injury and the compensable accident would allow claimant to convert this proceeding from one under Code § 65.2-708 to a proceeding under Code § 65.2-704." We agree.[3] UPS's change-in-condition application was made under Code § 65.2-708, which "applies only to the review of claims where there has already been an award of benefits; the statute does not create a procedure for granting new awards." Ilg, 54 Va. App. at 375, 679

---

In contrast to James, here Ilg seeks to defend against the employer's change-in-condition application based upon an injury that occurred simultaneously with the compensable, work-related injury. As such, the employer could not foresee or contemplate the effect of the injury on Ilg's residual capacity. Similarly, in Doane, the employer was not required to consider a physical condition that arose after the accident when it offered light-duty work.

[3] We disagree with Ilg's argument that this holding does not accord with the principle that the Workers' Compensation Act is to be liberally construed in favor of the employee. See Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 20, 668 S.E.2d 809, 812 (2008). Our holding provides a simple, straightforward method to obtaining benefits: obtain an award.

S.E.2d at 549.[4] To permit a claimant to establish a defense to a change-in-condition application, based upon a condition that has not been adjudicated casually related to the original injury, or work-related, is in effect permitting a *de facto* award, an adjudication, for an injury which has never been adjudicated.[5]

For the foregoing reasons, the judgment of the commission is affirmed.

Affirmed.

[4] On November 7, 2007, Ilg filed an application for benefits pursuant to Code § 65.2-704 for his hand injury, but never pursued the application by requesting a hearing upon the same. Accordingly, the application was never adjudicated on the merits, and Ilg never received an award for the injury. In its decision, the commission noted, "had the claimant requested that his November 7, 2007, application be considered along with the employer's application, the outstanding award could have been modified to include the hand injury."

[5] Ilg questions why, if UPS should have prevailed on the merits in the previous appeal, we did not then enter judgment. We did not enter judgment because the pertinent question concerned whether "the commission erred in rejecting the hearing application," Ilg, 54 Va. App. at 368, 679 S.E.2d at 546, and so only this ground for relief was properly before us, see Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004). Moreover, our opinion left open the possibility that Ilg would seek a formal award for his hand injury, as the commission noted was a possibility.