UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Russell and AtLee
Argued at Richmond, Virginia

CARNELL CARRINGTON

MEMORANDUM OPINION* BY
v.        Record No. 0628-17-2           JUDGE RICHARD Y. ATLEE, JR.
                                         JANUARY 23, 2018
AQUATIC COMPANY AND
 INSURANCE COMPANY OF THE STATE
 OF PENNSYLVANIA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael J. Beste (Reinhardt/Harper/Davis, PLC, on brief), for
appellant.

John C. Johnson (Frith Anderson & Peake, P.C., on brief), for
appellees.

Carnell Carrington appeals a decision of the Commission denying his request for

disability benefits.  We find no error, and affirm the decision.

I.  BACKGROUND

On appeal of Commission decisions, "the evidence and all reasonable inferences that may

be drawn from that evidence are viewed in the light most favorable to the party prevailing

below."  UPS v. Prince, 63 Va. App. 702, 704, 762 S.E.2d 800, 801 (2014) (quoting Snyder v.

City of Richmond Police Dep't, 62 Va. App. 405, 408, 748 S.E.2d 650, 652 (2013)).  The

Commission found in favor of Aquatic Company and Insurance Company of the State of

Pennsylvania (collectively "employer").  The facts were as follows.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Aquatic Company hired Carrington in 1992.  At the time of the hire, Aquatic Company knew that Carrington suffered from polycystic kidney disease.[1]  In 2013, Carrington suffered a compensable injury to his left arm.  The injury was unrelated to his polycystic kidney disease.  The Commission entered a medical award in 2014 for the injury to his arm.  In 2015, Carrington sought temporary total disability, beginning October 2, 2014 and continuing.  The Commission summarized the facts surrounding Carrington's claim as follow:

> He missed three weeks from work following his initial surgery and then returned to light duty with the employer, working 40 hours per week, using his right arm, beginning in November 2013.  The parties agree the claimant has permanent work restrictions attributable to his left arm injury.
>
> The claimant worked light duty for the employer through October 2, 2014.  On that date, he was admitted to the hospital with kidney failure, a complication of his underlying polycystic kidney disease.  He remained hospitalized through February 2015 and after discharge, he received two months of home health care.
>
> On cross-examination, the claimant agreed that prior to his August 2013 work accident, he was working without any restrictions.  He was taking medication for elevated blood pressure and for his kidneys.  He had no other health concerns.  He agreed that "even though you had this kidney disease, you weren't disabled from it" and "[i]t had not manifested itself until the following year when [he] had to go back to [the hospital]."

(Citation omitted) (alterations in original).  The parties submitted written stipulations, including that Carrington had "been unable to work from October 2, 2014 and continuing due to polycystic kidney disease, while at the same time partially disabled due to his work-related left arm injury."

---

[1] This disease did not affect the type of work Carrington did for Aquatic Company, although it did require him to miss work on occasion.  Per the Commission, the disease required that Carrington "undergo treatment every two weeks, missing work during this treatment.  In 2006, the claimant underwent a kidney transplant, and he missed approximately four months from work in connection with that surgery.  He continued to undergo treatment for his kidney condition after the transplant, attending appointments every three months."

Employer defended on the ground that Carrington's disability was caused not by a work-related injury, but by his unrelated kidney problem.

The deputy commissioner awarded Carrington the requested benefits. Employer requested review by the Full Commission, which reversed the deputy commissioner. The Commission reasoned as follows:

> Viewed broadly, the claimant's ultimate disability was due to the progression of a kidney disease which predated the accident. . . . Though the kidney disease predated his accident, it was not disabling and did not restrict the claimant's ability to accept the light duty work. What ultimately compelled the claimant's hospitalization and corresponding refusal of employment was kidney failure, a condition that manifested after the accident. . . .

> Considering the facts before us, we find the claimant's kidney failure to be a condition which arose since his accident and is responsible for his disability. . . . Relevant to our conclusion is the claimant's two-plus decades of working for the employer with kidney disease but without associated restrictions. We cannot ignore that the condition did not prevent the claimant's acceptance of the light duty work. Only after many months of steady employment in the light duty position did the disease progress to the point that it compelled the claimant to discontinue his employment.

> We must also acknowledge the claimant's concession that, but for his kidney failure, he would have remained employed. . . .

> When dealing with job refusals for unrelated conditions, we are mindful of the wisdom of classifying as unjustified only those which result from causes arising since the accident. But for this qualification, an unprincipled employer could manufacture an unjustified refusal by offering light duty work incompatible with an employee's pre-existing physical limitations. In such a scenario, an injured employee would be placed in the untenable position of either accepting work they were unable to perform or risk[ing] the loss of disability benefits by refusing the job. However, our holding in the present case does not implicate this policy or invite employer misconduct as the claimant had no pre-accident restrictions associated with his longstanding kidney condition. His ultimate hospitalization and corresponding unemployment was occasioned by an event, kidney failure, which

- 3 -

did not exist when he was injured or when his light duty job was offered.

(Footnote omitted). Carrington then noted this appeal.

## II. ANALYSIS

Carrington assigns the following errors:

1. The Virginia Workers' Compensation Commission erroneously held that Mr. Carrington refused selective employment despite being totally disabled in connection with polycystic kidney disease that the employer knew pre-existed the work accident and partially disabled in connection with work-related left arm injuries.

2. The Virginia Workers' Compensation Commission erroneously rejected the parties' stipulations that Mr. Carrington remains totally disabled in conneciton [sic] with pre-existing polycystic kidney disease.

(Capitalization altered).

"A claimant [before the Commission] must prove his case by a preponderance of the evidence." Pro-Football Inc. v. Paul, 39 Va. App. 1, 10, 569 S.E.2d 66, 71 (2002) (quoting Bergmann v. L & W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 802 (1981)).

> Furthermore, "decisions of the [C]ommission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998). Evidence to the contrary in the record "is of no consequence if there is credible evidence to support the [C]ommission's findings." Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). The consideration and weight to be given to the evidence, including medical evidence, are within the sound discretion of the [C]ommission.

Id. at 10-11, 569 S.E.2d at 71. However, "conclusions of the Commission on questions of law, or mixed questions of law and fact, are not binding on review." McKellar v. Northrop Grumman Shipbuilding, Inc., 290 Va. 349, 354, 777 S.E.2d 857, 860 (2015).

A. Cause of Disability

Carrington argues that he was entitled to benefits because of a concept known as the "two causes rule," which "provides that a condition which has two causes, one related to a work injury, and one not, is compensable and the treatment of that condition will be the responsibility of the employer." Haftsavar v. All Am. Carpet & Rugs, Inc., 59 Va. App. 593, 600, 721 S.E.2d 804, 808 (2012) (quoting Papco Oil v. Farr, 26 Va. App. 66, 75, 492 S.E.2d 858, 862 (1997)). Although the two causes rule provides the general framework for analysis, the Supreme Court recognized an exception to the rule in American Furniture Co. v. Doane, 230 Va. 39, 334 S.E.2d 548 (1985). In that case, the Commission had "ruled that an employee was justified in refusing selective employment because of a physical impairment arising after and unrelated to the industrial accident for which compensation had been awarded." Id. at 41, 334 S.E.2d at 549. The Supreme Court reversed, and held that "[a]n employer . . . is absolved of liability for compensation if the employee refuses selective employment because of a physical condition unrelated to the original industrial accident and arising since the accident." Id. at 43, 334 S.E.2d at 550. A contrasting factual scenario was presented in James v. Capitol Steel Construction Co., 8 Va. App. 512, 382 S.E.2d 487 (1989). There, a panel of this Court observed that Doane did not "compel[] the conclusion that employment suitable to the employee's residual capacity does not require consideration of a condition which pre-existed the injury by accident and which was obvious to the employer when the employee was hired." Id. at 516, 382 S.E.2d at 489.

Carrington notes that his polycystic kidney disease, while unrelated to his work injury, pre-existed that injury. He also observes that Aquatic Company knew for decades that he suffered from polycystic kidney disease. Thus, Carrington argues, the Doane exception to the two causes rule does not apply. We disagree.

Here, the Commission found that, while Carrington did suffer from a condition that predated his employment with Aquatic Company, the ultimate reason Carrington was unable to work was a progression and worsening of that condition. As the Commission observed, "[t]hough the kidney *disease* predated his accident," the condition that "ultimately compelled the claimant's hospitalization and corresponding refusal of employment was kidney *failure*, a condition that manifested *after* the accident." (Emphases added).

> When a non-work-related disability prevents a partially disabled employee from returning to his or her pre-injury work or from accepting selective employment, for purposes of the [Workers' Compensation] Act, the unrelated disability is not justification for the employee to refuse or not to perform selective employment . . . . Thus, the inability of a disabled employee to do selective work . . . due to an unrelated disability is equivalent to an unjustified refusal of selective employment.

Eppling v. Schultz Dining Programs, 18 Va. App. 125, 130, 442 S.E.2d 219, 222 (1994) (citation omitted). We agree with the Commission that an award of the requested benefits under these circumstances would risk "converting the Act into a form of health insurance or imposing liability for a condition unrelated to the employee's work." As such, the Commission did not err when it found that the two causes rule did not apply and when it declined to award Carrington the requested benefits.

## B. The Parties' Stipulation

Carrington also argues that the Commission wrongly rejected the parties' factual stipulation that he had "been unable to work from October 2, 2014 and continuing due to polycystic kidney disease, while at the same time partially disabled due to his work-related left arm injury." He asserts that the Commission's factual findings directly contradicted that stipulation, specifically its finding that Carrington's "ultimate hospitalization and corresponding unemployment was occasioned by an event, kidney failure, which did not exist when he was injured or when his light duty job was offered."

- 6 -

Assuming that the Commission, as a factfinder, is not free to reject a stipulation of the parties,[2] we conclude that acceptance of the stipulation did not require the Commission to find in Carrington's favor.

Here, the Commission considered the stipulation that Carrington had "been unable to work from October 2, 2014 and continuing due to polycystic kidney disease, while at the same time partially disabled due to his work-related left arm injury." However, the Commission observed, "[t]hough the kidney *disease* predated his accident," the condition that "ultimately compelled the claimant's hospitalization and corresponding refusal of employment was kidney *failure*, a condition that manifested *after* the accident." (Emphases added). This finding was not contrary to the stipulation, rather it was a narrower, more specific finding than the general conclusion contained in the stipulation. Even assuming, without deciding, that the Commission was bound to accept the parties' factual stipulation, it was not required to accept such a stipulation in a vacuum, or to blinker itself against other related evidence. We find that it was not a rejection of the parties' stipulation when the Commission found, essentially, that Carrington's inability to work was due to polycystic kidney disease which resulted in kidney failure, a distinct event and consequence which occurred after the work-related accident.

Carrington would have us read the stipulation to mean that employer agreed to the compensability of the claim when it entered into the stipulation. Given that employer consistently defended against the claim, it is clear that this was not employer's intention. Like the Commission, we read the stipulation as a piece of evidence to be weighed against all of the

---

[2] Although "*a party agreeing to a stipulation must be bound by it*," King William Cty. v. Jones, 65 Va. App. 536, 548, 779 S.E.2d 213, 219 (2015) (*en banc*) (emphasis added), at oral argument, Carrington conceded that he was unaware of any case stating that the Commission was required to accept such a stipulation. Oral Argument Audio at 6:54-7:20 (Nov. 14, 2017). However, we need not resolve that question, because we find that here, the Commission did not reject the parties' stipulation, but rather, considered it along with the other evidence.

other evidence, no more dispositive in Carrington's favor than Carrington's testimony that, but for his kidney failure, he would have remained employed, is dispositive in employer's favor. The Commission was required to consider both pieces of evidence (and all of the other evidence) in making its determination. Because there is evidence to support the Commission's factual conclusion regarding the disability, that conclusion is binding on appeal. Paul, 39 Va. App. at 10-11, 569 S.E.2d at 71.

## III. CONCLUSION

The Commission did not err when it found that the two causes rule did not apply, nor did the Commission reject the stipulation of the parties as to the cause of Carrington's inability to work.

<u>Affirmed.</u>