Present: Kinser, C.J., Lemons, Millette, Goodwyn, and Mims, JJ., and Russell and Koontz, S.JJ.

JOHN A. ILG

OPINION BY
v. Record No. 111439    SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
June 7, 2012
UNITED PARCEL SERVICE, INC., ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA


This appeal of a workers' compensation case involves an employer's application to suspend benefits pursuant to Code § 65.2-708 for the alleged unjustified refusal of an injured employee to accept vocational rehabilitation services provided by the employer under Code § 65.2-603. The issue presented is whether the employee should be permitted to offer evidence that the refusal is justified because of a disabling injury which arose out of the same industrial accident for which he was awarded benefits, but which was not expressly designated in the award as a compensable injury.

BACKGROUND

This case, which twice has been reviewed by the Workers' Compensation Commission and the Court of Appeals, has a lengthy and complex procedural history. For purposes of this appeal, however, we may confine our discussion of the facts and proceedings to those relevant to the issue presented, making reference to the more complete expression of the background of the injury, the award of compensation, and

ancillary proceedings stated in the Court of Appeals' first review of the case in United Parcel Service v. Ilg, 54 Va. App. 366, 368-71, 679 S.E.2d 545, 546-47 (2009) (hereinafter "Ilg I").

On February 12, 2007, John A. Ilg, a delivery truck driver employed by United Parcel Service for twenty-three years, suffered an injury by accident when he fell from his employer's truck during the course of his employment. On April 26, 2007, Ilg, pro se, filed a claim for workers' compensation benefits with the Commission, stating in the claim that he had suffered an "injury to right hand and right knee." United Parcel Service and its workers' compensation carrier, Liberty Insurance Corporation (hereinafter collectively "UPS"), accepted the claim and voluntarily paid either temporary total or temporary partial disability benefits from February 13, 2007 to February 16, 2007 and temporary total disability benefits from February 17, 2007 going forward.

Subsequently, on June 29, 2007, Ilg and UPS executed an original agreement to pay benefits and three supplemental agreements memorializing the prior voluntary payments of benefits. The nature of the injury was listed in the original agreement only as "Pain in Right Knee" and in each of the supplemental agreements as "Pain in rt knee." No reference

2

was made to an injury of the right hand. On July 12, 2007, the Commission issued an award order approving the original and supplemental agreements.

On November 6, 2007, an attorney retained by Ilg after the entry of the July 12, 2007 order sent a letter to the Commission requesting the records of Ilg's claim. The letter further advised the Commission that Ilg had suffered injuries to his right hand and his head in addition to the injury to his right knee and requested a hearing to determine whether Ilg was entitled to any additional benefits. The Commission responded by supplying the requested records, but neither referenced the assertion of the additional injuries nor took any action on the request for a hearing.

On February 25, 2008, Dr. Randall Peyton prepared and signed two fitness for duty evaluations of Ilg. In one form, Dr. Peyton opined that based on Ilg's continuing "knee pain" he was fit for restricted duty performing "[m]edium work." In the other form, Dr. Peyton opined that Ilg was "unable to work in any capacity" because of the injuries to his "R knee/R hand." Dr. Peyton further indicated that the condition of the hand was worsening because of "work-hardening therapy" Ilg was undergoing and that Ilg "is supposed to have this operated on." Based on the fitness for duty evaluation stating that Ilg could perform medium level work, UPS directed him to

3

participate in vocational rehabilitation.  Ilg declined to do so, citing Dr. Peyton's second report that Ilg was unable to work in any capacity.

UPS then filed an application with the Commission for a Code § 65.2-708 review hearing, seeking to suspend Ilg's benefits under the July 12, 2007 order for unjustifiably refusing to participate in vocational rehabilitation pursuant to Code § 65.2-603.  UPS included in its application Dr. Peyton's report that Ilg was available for medium work.  Ilg opposed the application, submitting Dr. Peyton's report that indicated Ilg was unable to work in any capacity.  A senior claims examiner denied the application, finding that UPS had not established probable cause of an unjustified refusal.  The examiner opined that the failure of the original and supplemental agreements to mention the injury to Ilg's right hand was "likely due to poor preparation" of the forms and that the injury to Ilg's right hand was included in the July 12, 2007 award of compensation benefits.  The Commission upheld that decision.

UPS appealed the Commission's decision denying the application for a Code § 65.2-708 review hearing to the Court of Appeals.  In reversing the judgment of the Commission in Ilg I, the Court, relying on American Furniture Co. v. Doane, 230 Va. 39, 42-43, 334 S.E.2d 548, 550-51 (1985) (hereinafter

4

Doane), expressed the view that "a medical condition not causally related to the work-related accidental injury for which benefits were originally awarded" could not serve as the basis for the employee refusing to cooperate with vocational rehabilitation. Ilg I, 54 Va. App. at 374, 679 S.E.2d at 549 (emphasis added). The Court further stated that UPS' "application to suspend benefits should have been granted unless [Ilg]'s hand condition, which prevented his cooperation with vocational rehabilitation, was the subject of an enforceable award finding that the hand condition was the result of the work-related accident." Id.

The Court further concluded that the claims examiner erred in presuming that Ilg's hand injury was included in the July 12, 2007 award of compensation benefits, and, as "that issue was never raised, or addressed, by the parties for . . . consideration," it had never been established that Ilg's hand injury was causally related to the February 12, 2007 compensable accident. Id. at 379, 679 S.E.2d at 551. The Court also found that in reviewing the claims examiner's decision, the Commission had incorrectly placed upon UPS "the burden of presenting medical evidence in their application showing the hand injury was 'pre-existing' or was 'unrelated to' the industrial accident." Id. For these reasons, the Court reversed the Commission's decision denying UPS'

5

application and directed the Commission "to place this case on the hearing docket."  Id.  Ilg did not appeal this decision to this Court.

Upon remand, a deputy commissioner found that Ilg justifiably refused to cooperate with UPS' rehabilitation efforts because he suffered from a total disability and, thus, had no obligation to participate in vocational rehabilitation. In a divided decision, the Commission reversed the deputy commissioner's decision.  A majority of the Commission concluded that the decision in Ilg I required the Commission to consider only whether "to terminate an outstanding award which only covered the claimant's knee" because "[t]here was no award or agreement relating to the hand injury."  The majority reasoned that "[t]o allow [Ilg] to establish a justification for his refusal by relying upon a causal connection between his hand injury and the compensable accident would allow [him] to convert this proceeding from one under Code § 65.2-708 to a proceeding under Code § 65.2-704, which the Court of Appeals held was prohibited."  (Emphasis added.)  Thus, the majority concluded that Ilg was precluded from asserting the hand injury as a defense to UPS' assertion that his refusal to participate in vocational rehabilitation was unjustified.

6

Commissioner Diamond dissented. In her view, the majority had misinterpreted the decision in Ilg I as rendering "a final decision on [UPS'] application in which [Ilg] could not defend . . . with evidence and testimony concerning his right hand." Rather, the Court in her view merely determined that the denial of the application for a hearing had been wrongly denied. Because the evidence plainly showed that Ilg had not been released by Dr. Peyton, Commissioner Diamond would have upheld the deputy commissioner's determination that Ilg's refusal to participate in vocational rehabilitation was justified.

Ilg appealed this decision to the Court of Appeals. In a memorandum opinion, the Court, again relying on Doane, 230 Va. at 42-43, 334 S.E.2d at 550, affirmed the Commission's decision suspending Ilg's benefits. Ilg v. United Parcel Service, Inc., Record No. 2314-10-4, slip op. at 7 (July 12, 2011) (hereinafter Ilg II). The Court agreed with the view expressed by the majority of the Commission that allowing Ilg to assert that his hand injury arose from the February 12, 2007 accident would convert the Code § 65.2-708 proceeding to

7

a proceeding under Code § 65.2-704.[*]  Id., slip op. at 6.  In a footnote, the Court indicated, however, that in its prior opinion in Ilg I "the pertinent question concerned whether 'the commission erred in rejecting the hearing application' . . . and so only this ground of relief was properly before [the Court].  Moreover, our opinion left open the possibility that Ilg would seek a formal award for his hand injury" under Code § 65.2-704.  Id., slip op. at 7 n.5.

We awarded Ilg an appeal to address the following assignments of error:

> 1. The Virginia Court of Appeals erred in its opinion of July 12, 2011, by holding that claimant cannot respond to the Employer's unjustified refusal of vocational rehabilitation allegation with evidence that he suffers from other accident-related conditions that render him totally disabled.

> 2. The Court of Appeals' decision erroneously held that claimant cannot prove justification for his refusal of vocational rehabilitation services by showing totally disabling accident-related conditions that render such services premature.

> 3. The Court of Appeals erred in affirming the Commission's implicit finding that claimant was guilty of an "unjustified" refusal of vocational rehabilitation services.

---

[*] Essentially, Code § 65.2-704 addresses an original determination that an employee has suffered a compensable injury, whereas Code § 65.2-708 addresses a change in condition which permits the Commission to make an award ending, diminishing, or increasing the compensation previously awarded.

8

DISCUSSION

Before addressing the merits of Ilg's appeal, we first consider a challenge raised by UPS asserting that Ilg I decided the issue of whether Ilg's hand injury was causally related to the February 12, 2007 accident because the Court of Appeals found that the claims examiner erred in making the assumption that this was so and the Commission further erred in placing the burden on UPS to present evidence to the contrary in its application. UPS asserts that under the "law of the case" doctrine Ilg was prohibited from raising these issues on remand, especially as he failed to appeal the judgment in Ilg I to this Court.

This challenge is readily resolved by reference to the Court of Appeals' observation in Ilg II that "the pertinent question [in Ilg I] concerned whether 'the commission erred in rejecting the hearing application' . . . and so only this ground of relief was properly before [the Court]." Ilg II, slip op. at 7 n.5. Indeed, the Court had observed in Ilg I that the "issue [of whether Ilg's hand injury was compensable] was never raised, or addressed, by the parties for . . . consideration" by the claims examiner or the Commission. 54 Va. App. at 379, 679 S.E.2d at 551. As no hearing had been conducted in the Commission prior to Ilg I, no determinations of fact or consideration of which party had the burden of

9

proof on a given issue were necessary to the Court of Appeals' decision that UPS' application for a hearing had been improperly denied. Thus, the Court's observations on these matters were merely part of its discussion of the "pertinent question" and as such are not dispositive determinations of law or fact. Accordingly, the law of the case doctrine does not apply to these issues or limit their consideration by the Commission on remand or of the appellate courts in reviewing its decision.

We now begin our consideration of the merits of Ilg's appeal by reviewing Doane, the case relied upon by the Court of Appeals in both Ilg I and Ilg II to support its conclusion that an employee may not assert "a medical condition not causally related to the work-related accidental injury for which benefits were originally awarded" as the basis for the employee refusing to cooperate with vocational rehabilitation. The Court of Appeals reasoned that allowing the employee to do so would convert a Code § 65.2-708 proceeding to a proceeding under Code § 65.2-704 by making a de facto award for the injury that was not the subject of the prior award.

In Doane, the employee was awarded temporary total disability for a back injury arising out of and in the course of employment. After a deputy commissioner found that an arm impairment which prevented the employee from performing

10

selective employment was not causally connected to the industrial accident for which an award of benefits had been made, the employee's compensation was suspended because of her unjustified refusal of selective employment.  Doane, 230 Va. at 42, 334 S.E.2d at 550.  The Commission reinstated benefits, concluding that the offered selective employment must be within the employee's capacity at the time offered, regardless of whether that capacity was affected by an unrelated injury. Id.

     Reversing the Commission, we held that employment suitable to an employee's capacity meant employment within the employee's residual capacity resulting from the industrial accident because an employer "is liable for the condition of an employee resulting from an industrial accident.  But an employer is not liable for conditions not causally related to the employee's work."  Id. (emphasis added).  Thus, we concluded that "[a]n employer, therefore, is absolved of liability for compensation if the employee refuses selective employment because of a physical condition unrelated to the original industrial accident and arising since the accident." Id. at 43, 334 S.E.2d at 550 (emphasis added).

     As indicated by the emphasized language in the passages quoted above, our focus in Doane was on whether the employee's asserted justification for refusing selective employment was a

11

condition causally related to the original industrial accident, not whether it arose from the specific injury described in the award of compensation benefits which the employer sought to suspend. The rationale of Doane does not resolve the inquiry in this case because Ilg's asserted justification for refusing to participate in vocational rehabilitation is not "unrelated to the original industrial accident." Indeed, both UPS and the Commission were aware from his original application that Ilg claimed benefits for "injury to right hand and right knee" resulting from the industrial accident. Accordingly, under the facts presented here, the inquiry is whether it was necessary for Ilg to first obtain an award of benefits under Code § 65.2-704 for his hand injury in order to assert a disability arising from that injury as justification for refusing to accept and participate in vocational rehabilitation offered under an earlier award of benefits for his knee injury arising from the same industrial accident.

The Commission and the Court of Appeals found that permitting an employee to justify a refusal to accept vocational rehabilitation services based on a disabling injury arising from an industrial accident, but not expressly denominated as included in a prior award, would amount to a "de facto" award for the injury which would convert a Code

12

§ 65.2-708 proceeding into a Code § 65.2-704 proceeding. Thus, they concluded that Ilg's failure to have the July 12, 2007 order reflect that he had suffered a compensable injury to his right hand in addition to a compensable injury to his right knee in the February 12, 2007 accident barred him from asserting his hand injury as a justification for refusing to participate in vocational rehabilitation. We disagree.

Previously, we have not had occasion to address a case in which the issue presented was whether an employee receiving workers' compensation benefits for partial or total disability has unjustifiably refused to participate in vocational rehabilitation offered by the employer under Code § 65.2-603. There are obvious differences between what may be reasonably expected of the employee to participate in vocational rehabilitation and that which may be reasonably expected when selective employment is offered by the employer under Code § 65.2-510. Nevertheless, in <u>Doane</u> and subsequently in <u>Ballweg v. Crowder Contracting Co.</u>, 247 Va. 205, 209, 440 S.E.2d 613, 615 (1994), we stressed that when an employer offers selective employment to an injured employee "suitable to his residual capacity, the burden of persuasion shifts to the employee to show justification for refusing the offer." We are of opinion that this principle is equally applicable to

13

cases involving the refusal to participate in vocational rehabilitation offered under Code § 65.2-603.

In the present case, Ilg had filed a claim with the Commission for injuries to his right knee as well as his right hand. UPS accepted that claim and voluntarily paid disability benefits to Ilg. Dr. Peyton provided UPS with his medical opinion that Ilg was "unable to work in any capacity" because of injuries to his right knee and right hand. Ilg sought to justify his subsequent refusal to participate in vocational rehabilitation based on his hand injury. Under such circumstances, it would be the height of form over substance to find that an asserted injury <u>related to the industrial accident for which benefits have been awarded</u> cannot justify the employee's refusal of the employer's offer of selective employment or of vocational rehabilitation unless that injury is also the subject of a prior award pursuant to Code § 65.2-704. If the Commission in considering an employer's application under Code § 65.2-708 concludes that the refusal is justified, this does not result in an award of benefits for the asserted injury. Rather, the result is merely that the employee continues to receive benefits in accord with the original award.

Accordingly, we hold that the Court of Appeals erred in determining that Ilg was precluded from asserting that his

14

refusal of vocational rehabilitation was justified because he remained fully disabled by his hand injury related to the industrial accident for which he was receiving benefits for his compensable knee injury. Because there has not yet been a determination by the Commission as to whether the disability related to Ilg's right hand in 2008 was, in fact, causally related to the February 12, 2007 accident, we express no opinion on that issue, but will remand the case to the Court of Appeals for remand to the Commission for an evidentiary proceeding where the burden will be on Ilg to show that his refusal to participate in vocational rehabilitation was justified in light of his hand injury.

In the Commission and in the Court of Appeals it was suggested that Ilg might have been, and might yet be, entitled to request a Code § 65.2-704 proceeding to determine if he is entitled to compensation for the injury to his hand, or any other injury, arising from the February 12, 2007 accident. However, that issue has not been raised by either party in this appeal. We express no opinion thereon except to note that nothing herein should be interpreted as barring Ilg from seeking to pursue such a claim if he chooses to do so.

CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals and remand the case to the Court with

instruction to remand the case to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

JUSTICE MIMS, concurring.

I concur with the Court's analysis and in the judgment but write separately to stress that this case is decided narrowly. Reading the holding broadly, one might conclude that an employee who relies on an injury that is related to an accident for which benefits have been awarded, but which injury is not itself the subject of the award, could prolong his receipt of benefits by foregoing or delaying treatment. That is beyond the scope of the Court's holding today. Accordingly, persistent failure to treat, or unreasonable delay in treatment of, an injury found to justify an employee's refusal of selective employment or vocational rehabilitation may be a change of condition under Code § 65.2-708, thereby affording the employer the opportunity for a review hearing to assert that benefits should be suspended if the failure or delay is found to be unjustified under Code § 65.2-603(B).

16