COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, McCullough and Senior Judge Clements
Argued by teleconference

ORACLE USA, INC. AND SAFETY NATIONAL
  CASUALTY CORPORATION
                                          MEMORANDUM OPINION[*] BY
v.      Record No. 1791-12-4              JUDGE JEAN HARRISON CLEMENTS
                                          MAY 28, 2013
TINA TISINGER


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Joseph F. Giordano (Semmes, Bowen & Semmes, P.C. on briefs),
               for appellants.

               James E. Swiger for appellee.


        Oracle USA, Inc. and Safety National Casualty Corporation (employer) appeal from an

opinion of the Workers' Compensation Commission (the commission) determining that the law

of the case doctrine barred the consideration of whether Tina Tisinger's (claimant) depression

was causally related to her work accident, and finding there was no credible evidence to establish

a causally-related disability post-August 16, 2012.  For the following reasons, we affirm the

commission's decision.

                                    BACKGROUIND

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." Hoffman v. Carter, 50 Va. App. 199, 205, 648 S.E.2d 318, 321-22 (2007) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)).

Claimant sustained a compensable injury to her foot on January 3, 2008. Based upon an agreement by the parties, the commission entered an award order on September 12, 2008 providing for temporary total disability benefits beginning on June 20, 2008.

On January 12, 2009, employer filed an application for the termination of benefits, alleging that claimant was released to pre-injury work on December 23, 2008 by her treating orthopedic physician, Dr. Thomas Klein, and that she returned to light-duty work on September 22, 2008.

On April 6, 2009, claimant filed a claim for benefits because her family physician, Dr. Steven Larson, referred claimant for a psychiatric/psychological evaluation. The claim for benefits was not referred to the hearing docket.

On January 25, 2010, the deputy commissioner found that Dr. Klein released claimant to resume a full duty work schedule in reference to her foot injury effective September 22, 2008, that Dr. Klein deferred to Dr. Larson's judgment on claimant's psychiatric/fatigue issues, and that Dr. Larson determined claimant's clinical depression prevented her from returning to work for more than six hours per day. The deputy commissioner further found that employer failed to meet its burden of proving a release to full duty. The deputy commissioner terminated claimant's temporary total benefits effective September 22, 2008 and awarded her temporary partial disability benefits from September 22, 2008 until conditions justified modification.

On August 16, 2010, the commission affirmed the deputy commissioner's decision. The commission found:

> We agree that the claimant's evidence was in defense of the
> employer's application and was properly considered by the Deputy

> Commissioner. We find that the employer's request for Review was sufficiently broad to include the argument that the employer now raises on Review. The employer was aware that the claimant was asserting this defense to the employer's application. The Deputy Commissioner was therefore required to determine if the claimant's condition and current disability were causally related to the work accident.

Employer did not appeal the commission's August 16, 2010 decision.

On May 7, 2010, while employer's appeal of the deputy commissioner's January 25, 2010 denial of employer's application for termination of benefits was pending before the commission, employer filed a second (protective) application to terminate benefits because claimant had no causally-related disability. At the hearing before the deputy commissioner on employer's second application on August 25, 2011, the parties stipulated that claimant had recovered from her physical injuries. Employer argued that claimant's current depression was unrelated to her compensable accident. Employer also presented evidence from Dr. Brian Schulman, a board-certified psychiatrist, who examined claimant on one occasion and agreed that claimant suffered from a depressive disorder, but he did not believe the depression was related to the compensable injury. Claimant argued that employer's second application for termination of benefits was barred by *res judicata*. Claimant also presented evidence from Dr. Larson regarding her depression. On September 8, 2011, the deputy commissioner found that employer's second application to terminate benefits was barred by *res judicata*. The deputy commissioner further found that Dr. Larson, having known and treated claimant for many years, was in a better position to know the extent to which claimant's work should be restricted. The deputy commissioner determined that claimant's depression remained related to her compensable injuries and denied employer's second application to terminate benefits.

Employer appealed to the commission, and on September 5, 2012, the commission found that employer's second application to terminate benefits was not barred by *res judicata*, but that

- 3 -

the law of the case doctrine controlled. The commission also affirmed the deputy commissioner's decision that Dr. Shulman's opinion was not sufficient to meet the employer's burden to terminate benefits. This appeal followed.

ANALYSIS

First, employer argues (1) the commission erred in applying the law of the case doctrine and refusing to consider whether claimant had causally-related depression, (2) the commission erred in applying the law of the case doctrine because the issues before the commission on the two applications for termination of benefits were distinctly factual issues and not subject to the law of the case doctrine, (3) the commission's ruling conflicts with Ilg v. United Parcel Serv., 284 Va. 294, 726 S.E.2d 21 (2012), (4) the deputy commissioner's opinion of September 8, 2011 did not result in a conclusion of law that claimant's award included causally-related depression, and (5) the application of the law of the case doctrine violated its right to due process.

> The "law of the case" doctrine is well established in the courts of this Commonwealth. Under this doctrine, "[when] there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law."

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)).

"The 'law of the case' doctrine applies both to issues that were actually decided by the court, and also to issues 'necessarily involved in the first appeal, whether actually adjudicated or not.'" Id. (quoting Kemp v. Miller, 160 Va. 280, 285, 168 S.E. 430, 431 (1933)).

On August 16, 2010, the commission determined that claimant's depression was a defense to employer's January 12, 2009 application, was properly considered by the deputy commissioner, and that employer was aware claimant was asserting the defense. The

commission specifically found that the deputy commissioner was "therefore required to determine if the claimant's condition and current disability were causally related to the work accident." Right or wrong, the commission determined that claimant's psychological condition was causally related to the work accident. Employer did not appeal the August 16, 2010 order nor did it ask for reconsideration after the commission issued its opinion. Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011); Code § 65.2-705.

Employer argues that the commission's ruling conflicts with the Supreme Court's holding in Ilg. We disagree. In Ilg, the issue before the Supreme Court was whether Ilg should be permitted to offer evidence that the refusal for vocational rehabilitation was justified because of a disabling hand injury which arose out of the same industrial accident for which he was awarded benefits, but which was not expressly designated in the award as a compensable injury. Ilg, 284 Va. at 296-97, 726 S.E.2d at 22. The Supreme Court found that the "'issue [of whether Ilg's hand injury was compensable] was never raised, or addressed, by the parties for . . . consideration' by the claims examiner or the Commission," therefore, the law of the case doctrine did not apply. Id. at 301, 726 S.E.2d at 25 (citing United Parcel Serv. v. Ilg, 54 Va. App. 366, 379, 679 S.E.2d 545, 551 (2009)).

Here, in contrast, the issue of claimant's depression was raised and addressed for consideration during the hearing on employer's first application to terminate benefits. In denying employer's first application to terminate benefits, the deputy commissioner terminated claimant's temporary total disability benefits because the orthopedic specialist released claimant to return to full duty, but the deputy commissioner awarded claimant temporary partial disability benefits because her depression prevented her from returning to work for more than six hours per day. In affirming the deputy commissioner's decision, the commission found that the deputy

commissioner was "required" to determine if claimant's depression was "causally related to the work accident." Ilg involved no similar determination.

Employer argues when the commission invoked the law of the case doctrine, it permitted claimant to bootstrap disability benefits for depression in direct conflict with Ilg and in violation of its right to due process.

"Due process requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 132, 435 S.E.2d 898, 900 (1993) (quoting Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 416-17, 270 S.E.2d 723, 726 (1980)).

After employer filed its first application to terminate the award, claimant filed a letter with the commission stating that she was suffering from depression which she believed was related to the compensable injury. At the hearing before the deputy commissioner on employer's application, claimant agreed that her orthopedic specialist released her to return to full duty. Following the deputy commissioner's decision on January 25, 2010 awarding claimant temporary partial disability benefits from September 22, 2008 based on her depression, employer, in its request for review by the commission, argued that, pursuant to this Court's opinion in Ilg, 54 Va. App. at 379, 679 S.E.2d at 551, raising a defense to an employer's application that a claimant had no causally-related disability, did not constitute an adjudication on the merits.[1] Thereafter, in its August 16, 2010 opinion, the commission noted that employer argued that claimant's depression was not listed in the memorandum of agreement and, therefore, claimant was required to file a change-in-condition application. Although the commission agreed that claimant's evidence was in defense of employer's application, it found

_____

[1] The Supreme Court issued its Ilg opinion on June 7, 2012.

that the evidence was properly considered by the deputy commissioner who was required to determine if the claimant's condition and disability were casually related to her work accident. Employer was aware of claimant's position and during the adjudication of employer's applications to terminate benefits, employer was afforded opportunities to present its objections and arguments to the deputy commissioner and to the commission concerning the Ilg case, thus, its due process rights were not violated.

Based upon the foregoing, we conclude that the commission did not err in applying the law of the case doctrine in determining employer failed to meet its burden regarding its second application to terminate benefits.[2]

Next, employer argues there was no credible medical evidence to support the commission's finding that claimant had causally-related depression after August 16, 2012.

"[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Department of Corrs. v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "The deference that we give to the commission's fact finding on medical questions is based upon the 'unwisdom of an attempt by . . . [courts] uninitiated into the mysteries [of the medical science debate] to choose between conflicting expert medical opinions.'" Stancill v. Ford Motor Co., 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992) (quoting Johnson v. Capitol Hotel, 189 Va. 585, 590, 54 S.E.2d 106, 109 (1949)).

---

[2] As noted by employer, this Court has not ruled on the standard of review regarding the law of the case doctrine. Federal jurisdictions, including the Court of Appeals for the Fourth Circuit, apply a *de novo* standard of review. See, e.g., Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 480 (4th Cir. 2007). However, some jurisdictions apply an abuse of discretion standard. See, e.g., Giampapa v. Am. Family Mut. Ins. Co., 64 P.3d 230, 243 (Colo. 2003). We need not resolve this issue because regardless of the standard applied, the commission did not err.

Dr. Larson concluded claimant "changed" after the surgery for her foot injury and she was unable to work and lacked energy. After obtaining results from tests, Dr. Larson concluded claimant's depression was causally related to her injury and surgery and restricted her to a six-hour work day.[3] Dr. Schulman examined claimant and concluded that her depression was not related to the compensable foot injury.

The commission found that although Dr. Schulman was a psychiatrist, he examined claimant on one occasion and Dr. Klein referred claimant to Dr. Larson for her psychological difficulties. Dr. Larson, claimant's family physician for approximately twenty years, determined that claimant's depression was causally related to her surgery and she was unable to return to full duty work. The question of the conflicting medical opinion between Dr. Larson and Dr. Schulman was resolved in favor of Dr. Larson, and based upon a review of the record, credible evidence supports this finding.

CONCLUSION

For the foregoing reasons, we affirm the commission's decision.

Affirmed.

---

[3] Dr. Larson prescribed an antidepressant and referred claimant to Dr. Art Behrmann, a psychiatrist. Dr. Behrmann concluded claimant had chronic low grade depression and made recommendations, but he did not have an opinion regarding the relationship between her depression and her foot injury.