UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia


FOOD/BEV SERV-CRYSTAL CITY AND
 HYATT CORPORATION
                                                MEMORANDUM OPINION* BY
v.        Record No. 0215-17-4                  JUDGE RICHARD Y. ATLEE, JR.
                                                AUGUST 8, 2017
TAHSSIN AL-BOARAB


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael S. Bliley (Andrew M. Alexander; Siciliano, Ellis, Dyer &
Boccarosse PLC, on brief), for appellants.

Michael Herdman (ChasenBoscolo Injury Lawyers, on brief), for
appellee.


Food/Bev Serv-Crystal City and Hyatt Corporation (collectively "employer") asked the

Commission to terminate an existing award of temporary total disability benefits, and to credit

portions of the award already paid, alleging that Tahssin Al-Boarab ("claimant") "failed to

cooperate with vocational rehabilitation efforts." Following a hearing, the deputy commissioner

denied employer's request. The full Commission then unanimously affirmed that decision.

Employer now appeals, alleging that the Commission erred when it determined that claimant 1)

"was totally disabled, and was entitled to a resumption of temporary total disability benefits";

and 2) "cooperated with vocational rehabilitation efforts, for the entire duration of his working

with his vocational rehabilitation counselor." We find no error, and affirm the Commission's

decision.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On appeal of a decision of the Commission, "the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." UPS v. Prince, 63 Va. App. 702, 704, 762 S.E.2d 800, 801 (2014) (quoting Snyder v. City of Richmond Police Dep't, 62 Va. App. 405, 408, 748 S.E.2d 650, 652 (2013)). "We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence or the credibility of witnesses." Bd. of Supervisors v. Taylor, 1 Va. App. 425, 431, 339 S.E.2d 565, 568 (1986) (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983)).

In 2014, claimant injured his left shoulder while working for employer.  Later that year, the Commission entered an agreed award of medical benefits and temporary total disability benefits.  In the spring of 2015, claimant's treating physician, Dr. Michael Chung, released him to "limited work status."  Claimant had an appointment to meet with his assigned vocational rehabilitation counselor ("the counselor") on June 23, 2015.  Unfortunately, his mother's illness and subsequent death required claimant to return to Iraq,[1] where he remained for approximately six weeks.  By agreement with the counselor, claimant's first appointment was rescheduled, first for August 4, 2015, then for August 11, 2015.  Claimant met with the counselor on August 11, 2015, the first of eleven meetings during the late summer and fall of 2015.  The counselor testified before the deputy commissioner that throughout these meetings, claimant was generally unenthusiastic and unmotivated, in addition to being late on more than one occasion.

On August 5, 2015, claimant met again with Dr. Chung.  (Claimant continued to meet with Dr. Chung approximately once a month during the remainder of 2015.)  Dr. Chung recommended that claimant undergo a Functional Capacity Evaluation ("FCE") and found that

---

[1] Born and raised in Iraq, claimant arrived in the United States as a refugee in 1994.

claimant was "not able to return to work at this time due to significant decrease in ROM [range of motion] of left shoulder, chronic pain and reached MMI [maximum medical improvement]." Dr. Chung excused claimant from work from August 5, 2015 to September 5, 2015. On September 2, 2015, Dr. Chung opined that there was "[n]o change in patient's status" and that "[s]ame as before, patient is not able to return to work at this time due to significant decrease in ROM of left shoulder, chronic pain and reached MMI." He excused claimant from work from September 2, 2015 to October 2, 2015.

On September 15, 2015, claimant underwent the recommended FCE, the stated purpose of which was "to determine [claimant]'s tolerance to perform work tasks." The physical therapist who conducted the FCE concluded that "[a]ll of [claimant's] worker traits were problematic, including Productivity (sub-maximal effort, guarding and multiple pain behaviors, arrived late to appointment), Safety (poor biomechanics, severe guarding of left arm and leg) and Interpersonal Behavior (non-functional goal-setting)." She found that claimant "did not demonstrate objective findings to support his extensive subjective complaints and demonstrated level of functional performance. He produced sub-maximal effort within the Sedentary work level . . . ." The result of the FCE was a recommendation that claimant seek full time sedentary work.

After seeing claimant on September 30, 2015, Dr. Chung acknowledged the FCE recommendations, but observed that claimant had "[n]o range of motion to left shoulder" and that the muscle strength in his "[l]eft upper extremity was decreased due to pain." Dr. Chung recommended a "trial of work hardening program"[2] but observed that "[i]f [claimant] fails work

_____

[2]   Work Hardening:  a highly structured, goal-oriented, individualized intervention program designed to return the patient/client to work. Work Hardening programs, which are multidisciplinary in nature, use real or simulated work activities designed to restore physical, behavioral, and vocational functions.

- 3 -

hardening, recommend placement on permanent disability." On October 28, 2015, Dr. Chung noted that claimant "did work hardening for 3 hours one day and unable to do further due to increase in left back and left shoulder pain." Dr. Chung concluded: "[Claimant] was recommended to discontinue work hardening and try work conditioning program,[3] 5 days per week for 4 weeks. If [claimant] fails, consider permanent disability, MMI." Dr. Chung excused claimant from work from October 28, 2015 to November 28, 2015. After seeing claimant on November 25, 2015, Dr. Chung noted that claimant had not started the work conditioning program and that he "complains of left shoulder pain, severely limited ROM and lower back pain." He recommended that claimant follow up with the work conditioning program, and excused claimant from work from November 30, 2015 through January 1, 2016.

At Dr. Chung's deposition in February of 2016, claimant's attorney asked Dr. Chung: "[S]ince you saw [claimant] on September 2nd[, 2015] when you indicate that the range of motion of the left shoulder had gotten worse, until now, you've never indicated to him that he

---

Work Hardening addresses the issues of productivity, safety, physical tolerances, and worker behaviors.

American Physical Therapy Association, Orthopaedic Section, Advanced Work Rehabilitation Guidelines 3 (adopted July 11, 2011) (italics omitted) (www.orthopt.org/uploads/content_files/OHSIG_Guidelines/Work_Rehab_Guideline_Final_Draft_4_1_11.pdf).

3    Work Conditioning: an intensive, work-related, goal-oriented conditioning program designed specifically to restore systemic neuromusculoskeletal functions (e.g., joint integrity and mobility, muscle performance (including strength, power, and endurance), motor function (motor control and motor learning), range of motion (including muscle length)[)], and cardiovascular/pulmonary functions (e.g. aerobic capacity/endurance, circulation, and ventilation and respiration/gas exchange). The objective of the work conditioning program is to restore physical capacity and function to enable the patient/client to return to work.

Id.

- 4 -

can return to work, correct, since September?" Dr. Chung confirmed that this was accurate. In

its opinion affirming the decision of the deputy commissioner, the Commission found:

> the claimant met his burden of proving that he was totally disabled
> from August 5, 2015 through September 29, 2015 and from
> October 28, 2015 through the present and continuing. At this time,
> we find Dr. Chung was in the best position to evaluate the
> claimant's ability to work, and we rely upon his opinion that the
> claimant was totally incapable of work based upon his assessment
> of the severe limitations shown in the claimant's FCEs. There is
> no physician opinion in the record to the contrary. As a result,
> . . . the claimant did not have an obligation to work with vocational
> rehabilitation from August 5, 2015 through September 29, 2015
> and from October 28, 2015 through the present and continuing.

Al-Boarab v. Food/Bev Serv-Crystal City and Hyatt Corp., JCN VA00000896222, 2017

VA Wrk. Comp. LEXIS 8, at *8 (Va. Wrk. Comp. Jan. 3, 2017). Employer then appealed.

## II. ANALYSIS

A claimant before the Commission "must prove his case by a preponderance of the

evidence." Pro-Football Inc. v. Paul, 39 Va. App. 1, 10, 569 S.E.2d 66, 71 (2002) (quoting

Bergmann v. L & W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 802 (1981)).

> Furthermore, "decisions of the [C]ommission as to questions of
> fact, if supported by credible evidence, are conclusive and
> binding on this Court." Allen & Rocks, Inc. v. Briggs, 28
> Va. App. 662, 672, 508 S.E.2d 335, 340 (1998). Evidence to the
> contrary in the record "is of no consequence if there is credible
> evidence to support the [C]ommission's findings." Russell
> Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826
> (1986). The consideration and weight to be given to the evidence,
> including medical evidence, are within the sound discretion of the
> [C]ommission.

Id. at 10-11, 569 S.E.2d at 71.

### A. Was Claimant Totally Disabled?

Employer first challenges the finding that claimant "was totally disabled, and was entitled

to a presumption of temporary total disability benefits." In support of its position on appeal,

employer asserts that "Dr. Chung improperly acted in removing [claimant] from work."

Appellants' Br. at 8. Further, argues employer, Dr. Chung's "conclusion that [claimant] was unable to work is outweighed by the two Functional Capacity Evaluations.[4]" Id. We disagree.

Although the physical therapist who conducted the FCE in September of 2015 believed claimant to be capable of sedentary work, Dr. Chung, a physician, saw claimant much more frequently. We agree with the Commission that "Dr. Chung was in the best position to evaluate the claimant's ability to work, and we rely upon his opinion that the claimant was totally incapable of work." Al-Boarab, 2017 VA Wrk. Comp. LEXIS 8, at *8. As the Commission correctly pointed out, "[t]here is no physician opinion in the record to the contrary." Id. When we assess the Commission's conclusion, "[e]vidence to the contrary in the record 'is of no consequence if there is credible evidence to support the [C]ommission's findings.'" Pro-Football Inc., 39 Va. App. at 10, 569 S.E.2d at 71 (quoting Russell Loungewear, 2 Va. App. at 95, 341 S.E.2d at 826). As such, we agree that claimant was totally disabled.

*B. Did Claimant Unjustifiably Refuse to Cooperate with the Counselor?*

The Virginia Workers' Compensation Act requires an employer to furnish an injured employee with "reasonable and necessary vocational rehabilitation services." Code § 65.2-603(A)(3). The injured employee, in turn, is required to accept such services. Any unjustified refusal to do so "shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal." Code § 65.2-603(B). This

---

[4] In its deposition of Dr. Chung, in its written statement to the Commission, and in its brief, employer references two FCEs: one conducted in September of 2015 and another conducted in December of 2015. Because the only FCE included in the appendix is the September 2015 FCE, we consider only that FCE in our analysis. See Rule 5A:25(h) (noting that, although we may "consider other parts of the record," we "assume[] that the appendix contains everything germane to the assignments of error").

is so because "a person receiving workers' compensation has a duty to cooperate in efforts to get him a job he is capable of performing." Johnson v. Clifton Forge, 9 Va. App. 376, 377, 388 S.E.2d 654, 655 (1990). "Whether the employee unjustifiably has refused to cooperate with vocational rehabilitation services is a question of fact to be determined from the totality of the evidence." Anderson v. Anderson, 65 Va. App. 354, 362, 778 S.E.2d 132, 136 (2015).

We will analyze claimant's cooperation with the counselor during two distinct periods. First, we will look at the period from June 23, 2015 to August 5, 2015. Next, we will examine the period after August 5, 2015. We conduct this two-stage analysis because before August 5, 2015, Dr. Chung had cleared claimant to work with certain limitations. From August 5, 2015 onward, Dr. Chung declared claimant totally disabled.

### 1. June 23, 2015 to August 5, 2015

Initially scheduled to meet with the counselor on June 23, 2015, claimant rescheduled this meeting. He did not meet with the counselor until August 11, 2015. At the time claimant was first scheduled to meet with the counselor, Dr. Chung had cleared him for "limited work status." The cause for this delay was claimant's travel to Iraq as a result of the death of his mother. The Commission found that

> [g]iven the evidence that the initial meeting was voluntarily
> rescheduled by the parties prior to the original June 23, 2015
> meeting date, and the claimant attended this rescheduled meeting,
> we do not find the circumstances sufficient to show the claimant
> unjustifiably failed to cooperate with vocational rehabilitation
> efforts prior to August 5, 2015.

Al-Boarab, 2017 VA Wrk. Comp. LEXIS 8, at *7. This finding is supported by credible evidence, and is thus binding on this Court.

### 2. After August 5, 2015

After August 5, 2015, claimant was totally disabled, per Dr. Chung. We find that credible evidence supported this finding. See supra, Part II.A. The parties and the Commission

agree that total disability obviates the need to comply with vocational rehabilitation.  See Appellants' Br. at 7 ("If Appellee was properly within total disability status, then he was justified in refusing to accept vocational rehabilitation."); Appellee's Br. at 5 (asserting that injured workers are "not obligated to perform vocational rehabilitation until they are medically released to return to selective employment" (citing Gardner v. Legum Home Health/Home I.V. Care and Nutritional Serv., 74 O.W.C. 97 (1995)); Al-Boarab, 2017 VA Wrk. Comp. LEXIS 8, at *8 (observing that claimant "did not have an obligation to work with vocational rehabilitation" counselor during periods of total disability); cf. Ilg v. UPS, Inc., 284 Va. 294, 304, 726 S.E.2d 21, 27 (2012) (holding that "the Court of Appeals erred in determining that [the injured worker] was precluded from asserting that his refusal of vocational rehabilitation was justified because he remained fully disabled by his hand injury related to the industrial accident for which he was receiving benefits for his compensable knee injury").

Notwithstanding claimant's total disability after August 5, 2015, he still met with the counselor eleven times over the course of approximately three months.  The Commission found that claimant did not unjustifiably refuse to cooperate with his counselor after August 5, 2015. Viewing the evidence in its totality, we find that evidence credible.  As such, the Commission's finding is "conclusive and binding on this Court."  Pro-Football Inc., 39 Va. App. at 10, 569 S.E.2d at 71 (quoting Allen & Rocks, Inc., 28 Va. App. at 672, 508 S.E.2d at 340).

III.  CONCLUSION

For the preceding reasons, we affirm the Commission's decision.

Affirmed.